**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 14, 2014.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-13-01147-CR

### IN RE WILLIAM SOLOMON LEWIS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1219699**

## MEMORANDUM OPINION

On December 30, 2013, relator William Solomon Lewis filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jan Krocker, presiding judge of the 184th District Court of Harris County, to issue a ruling either granting or denying his motion to compel his former appellate attorney to surrender his case file directly to relator.

On July 11, 2012, relator wrote James Hamlin Dyer, the attorney who represented him in the appeal of his conviction for retaliation to this court,

requesting that Dyer forward to relator "the entire case file in your possession including all associated Transcripts from both Brazoria and Harris County Trials that you used for this appeal." Having received no response from Dyer, relator wrote him again on August 11, 2012. Relator states he filed a motion to compel Dyer to surrender the case file to him on October 16, 2012, but the trial court refused to rule on his motion.[1]

To be entitled to mandamus relief, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before a court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987 (orig. proceeding) (op. on reh'g). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding).

However, we first address whether the trial court has jurisdiction to rule on relator's motion. Without jurisdiction, a trial court would have no legal duty to rule on the motion. The trial court does not have "inherent" jurisdiction. *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002) (plurality op.). Rather, the trial court derives its jurisdiction from either the Texas Constitution or by

---

[1] In his petition for writ of mandamus, relator further avers that he filed a "Direct Appeal of Court's Refusal to Rule on Motion to Compel Attorney to Surrender Case File in No. 1219699" on December 16, 2012, but claims the district clerk refused to "docket" his appeal to this court. Relator, however, does not seek relief from the district clerk's purported refusal to "docket" his appeal to this court.

legislative enactment. *Staley v. State*, Nos. AP-76,798, AP-76-868, — S.W.3d —, 2013 WL 4820128, at *8 (Tex. Crim. App. Sept. 7, 2013). "Jurisdiction expires when a case becomes final or is taken to a higher court." *Patrick*, 86 S.W.3d at 596. "When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court." *Staley*, 2013 WL 4820128, at *8.

This court affirmed relator's conviction for retaliation. *See Lewis v. State*, No. 14-10-00222-CR, 2011 WL 2536161 (Tex. App.—Houston [14th Dist.] June 28, 2011, no pet.) (mem. op., not designated for publication). Relator did not file a direct appeal to the Texas Court of Criminal Appeals, and we issued the mandate in the case on August 26, 2011. Defendant has not cited a statute that would give the trial court jurisidiction over a post-trial dispute between the defendant client and his former counsel and we know of no such statute.[2] Therefore, in the absence of a statute providing the trial court with jurisdiction over relator's request that his former attorney be compelled to "surrender" his file to relator, the trial court does not have jurisdiction over relator's motion.

Relator has not established his entitlement to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel Consists of Justices Boyce, Christopher, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Relator can sue his attorney in a separate proceeding or file a grievance procedure to recover the case file in his former attorney's possession.